The Hamilton Company
vs.  No. 83630.
Sigmund Rosen

July 5, 1934.

O'CONNELL, J. This case was heard on defendant's motion for a new trial, after verdict for the plaintiff in the sum of $4569.90, a previous trial having resulted in a verdict for the plaintiff in the sum of $4049.81. The facts in the case are essentially the same as found by Mr. Justice Frost in his rescript filed after the previous trial of this case.

The suit is based upon a deficiency resulting from the foreclosure of a mortgage upon property purchased by the defendant, which he had conveyed before foreclosure to the Robert Realty Company.

The declaration alleges and the plaintiff claimed that on the 13th day of February 1929, one Charles H. Dunlap was the owner of a certain tract of land on the easterly side of Elmwood avenue, and that jointly with his wife, Doris B. Dunlap, he executed a promissory note to the plaintiff for $15,000, which note was secured by a mortgage to the plaintiff of the above mentioned real estate; that subsequently, by deed, Dunlap sold to the defendant the above mentioned land, said deed containing the following provision, viz.: "said premises are hereby conveyed subject to a first mortgage of record of $30,000 and to a second mortgage of record of $15,000, the payment of which mortgages are hereby assumed by said grantee as a part of the consideration hereof."

At the trial the defendant defended the suit on the ground that there was in fact no such contract made between Dunlap and himself for the benefit of the plaintiff, the Hamilton Company, because the clause above referred to was inserted in the mortgage without his knowledge or consent, and on the further ground that after the conveyance of said real estate on September 12, 1928, to the Robert Realty Company, the plaintiff as mortgagee accepted said Robert Realty Company as the debtor and extended the time of payment of the mortgage for the Robert Realty Company, after beginning foreclosure proceedings to sell said real estate, for approximately one year, without the consent of the defendant; that the value of the premises depreciated meanwhile to the amount of the deficiency and that the defendant was therefore released from liability.

Since a determination of the first ground disposes of the defendant's motion for a new trial, a consideration of the second ground is unnecessary and no determination is made thereon or thereof.

The evidence showed that the property in question was owned by the Gordon brothers, who wished to dispose of it and who entered into negotiations with Rosen for its sale. The Providence Institution for Savings held a first mortgage on this property for $30,000. Rosen was willing to pay $55,000, $10,000 to be paid in cash and in other real estate owned by Rosen, the Gordon brothers were to arrange with the Hamilton Company for a second mortgage of $15,000 and then to convey to Rosen subject to total mortgages of $45,000. Later they said they wouldn't arrange for the $15,000 mortgage and the deal fell through as Rosen wanted to buy subject to the two mortgages totalling $45,000, instead of giving the $15,000 mortgage himself. Then Dunlap stepped into the picture and went to the Hamilton Company and asked if it would give him the $15,000 mortgage if he became the owner. The plaintiff agreed and he then arranged with Rosen to sell the property to him. The deed was prepared by Mr. Todd, now deceased, of Todd-Mellor Company, with which Dunlap had been connected for many years.

The deed recited that the grantee was to assume payment, not only of Dunlap's $15,000 mortgage, but of the first mortgage of $30,000 to the Providence Institution for Savings, as well.

The defendant testified that he did not know of this assumption clause until the plaintiff started to sue him around April 1930, that he did not agree with Dunlap to assume these mortgages and that he thought he was taking the property subject to these mortgages and not assuming their payment. Dunlap, the other party to the

deed, testified that he made no agreement with Rosen whereby the latter was to assume payment of these mortgages and that he did not know of it till Mr. Todd told him of it some time later, when the owners were behind in their payments on the mortgage. He then went to City Hall and looked it up and then went to the office of William S. Andrews, Secretary and Treasurer of the Hamilton Company, and told him of it.

Andrews testified that the clause was not put in the deed at the instance of the Hamilton Company and that he did not know of it until a month or six weeks after, when Dunlap advised him that he was covered in the deed. There was no evidence that the Providence Institution for Savings ever knew of this clause or requested its insertion.

The testimony of both parties to the deed indicates that the clause was inserted by mistake and not by agreement, possibly by a desire and intention on the part of Todd to protect Dunlap, but without the knowledge or request of either Dunlap or Rosen. In this connection it would seem highly improbable that the defendant Rosen, who had refused to execute a $15,000 mortgage himself, upon which he would be bound primarily, should agree not only to assume payment of the mortgage for this amount executed by Dunlap, but also the first mortgage of $30,000 in favor of the Providence Institution for Savings, no one having requested him to assume the latter, and it not even being necessary to protect Dunlap that he should assume this mortgage as Dunlap himself had not assumed it, but had purchased the premises subject to it.

The Court is of the opinion that the plaintiff has failed to establish its case by a fair preponderance of the credible testimony, that the verdict is against the evidence and the weight thereof, and the defendant's motion for a new trial is therefore granted.

For plaintiff: Charles H. Eden.

For defendant: Frank H. Bellin.